UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LARECCA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-4946-BHH |
| | ) |
| TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; and RS CLARK & ASSOCIATES, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, LARECCA JOHNSON (Plaintiff), through her attorney, Chauntel D. Bland, Esq., alleges the following against Defendants, TRANS UNION, LLC ("Trans Union"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and RS CLARK & ASSOCIATES, INC. ("RS Clark"), ("Defendants" collectively):

### INTRODUCTION

1. Counts I to III of Plaintiff's Complaint are based on Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and Regulation V, 12 C.F.R. part 1022.

### JURISDICTION AND VENUE

1. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

2. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

3. Plaintiff is a natural person residing in Goose Creek, Berkeley County, South Carolina.

4. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

5. Defendant Trans Union is a consumer reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of South Carolina, is a citizen of the State of South Carolina.

6. Defendant Trans Union is a "consumer reporting agency" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

7. Defendant Equifax is a consumer reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of South Carolina, is a citizen of the State of South Carolina.

8. At all relevant times Defendant Equifax was a "consumer reporting agency" as that term is defined by the FCRA.

9. Defendant RS Clark is a third-party collection agency that does business in Berkeley County, State of South Carolina and has a principal place of business located in Dallas, Texas.

10. RS Clark is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

11. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

14. Defendants Equifax and Trans Union have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

15. The inaccurate information which Plaintiff complains is an account, or trade-line, that reflect Plaintiff's history of credit, named: RS Clark & Associates, Inc. ("RS Clark").

16. In or around April 2023, Plaintiff reviewed her credit report from Defendants Equifax and TransUnion and discovered an account/tradeline with RS Clark (Account No. 40065001126****), which is being inaccurately reported to Plaintiff's report.

17. The RS Clark account originates with Appliance Warehouse.

18. Plaintiff does not owe the amount claimed by RS Clark.

19. On or about April 12, 2023, Plaintiff sent a dispute letter to Defendants, Trans Union and Equifax.

20. Plaintiff explained to Defendants Trans Union and Equifax that she did not owe the alleged amount.

21. Plaintiff requested that Defendants Trans Union and Equifax correct the inaccurate reporting of the Account.

22. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

23. The consumer reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

24. Upon information and belief, Defendants Equifax and Trans Union notified Defendant RS Clark of Plaintiff's dispute and the nature of the dispute.

25. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Equifax and Trans Union, Defendant RS Clark received notification from Defendants Equifax and Trans Union of Plaintiff's dispute and the nature of the dispute.

26. Upon information and belief, Defendants Equifax and Trans Union received the results of Defendant RS Clark's investigation as to Plaintiff's dispute.

27. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

28. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

29. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

30. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;
    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the consumer report;

 c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

 d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

 e. Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT EQUIFAX VIOLATED THE FAIR CONSUMER REPORTING ACT

31. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

 a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

 b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

 c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

 d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

 e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b).

33. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor,

in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, LARECCA JOHNSON, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

34. All actual compensatory damages suffered pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

35. Statutory damages of $1,000.00 pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

36. Costs and reasonable attorneys' fees pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

37. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Consumer reporting Act, 15 U.S.C. § 1681n(a); and

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT TRANS UNION VIOLATED THE FAIR CONSUMER REPORTING ACT

39. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b).

41. Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Trans Union is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, LARECCA JOHNSON, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

43. Costs and reasonable attorneys' fees pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

44. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Consumer reporting Act, 15 U.S.C. § 1681n(a); and

45. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT RS CLARK & ASSOCIATES, INC. VIOLATED THE FAIR CREDIT REPORTING ACT

46. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

47. Defendant RS Clark violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to RS Clark;

    b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

48. RS Clark's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, RS Clark is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, LARECCA JOHNSON, respectfully requests judgment be entered against Defendant RS CLARK & ASSOCIATES, INC., for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

50. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

51. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

Any other relief that this Honorable Court deems appropriate.

                                  RESPECTFULLY SUBMITTED,

October 3, 2023                By: /s/ Chauntel D. Bland
                                          Chauntel D. Bland, Esquire
                                          463 Regency Park Drive
                                          Columbia, SC 29210
                                          Tel: (803) 319-6262
                                          Fax: (866) 322-6815
                                          chauntel.bland@yahoo.com